IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. FORD, | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-23-0856-HE |
| DAVID BUSS, Warden, | ) |
| Respondent. | ) |

# **ORDER**

Petitioner Marcus D. Ford, a state prisoner appearing *pro se*, filed a petition pursuant to § 2254 seeking habeas relief from his state court conviction. Petitioner plead guilty to one count of first-degree murder and one count of larceny in 1998. In Case No. 22-0341-HE, petitioner filed a habeas petition arguing that the state court lacked jurisdiction over his crimes based primarily on McGirt v. Oklahoma. The court denied that petition as untimely. The present petition alleges that his trial court erred in not giving him a competency hearing before accepting his guilty plea and that the state lacked jurisdiction over his case due to the Oklahoma Indian Welfare Act of 1936. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. Upon initial review, Judge Erwin issued a Report and Recommendation recommending that the petition be dismissed as a second or successive habeas petition filed without authorization for the Tenth Circuit Court of Appeals. Petitioner has objected to the Report triggering *de novo* review of matters to which objection has been raised.

Petitioner's objection argues in favor of a certificate of appealability and equitable tolling of AEDPA's one-year statute of limitations, discusses Federal Rules of Appellate Procedure and recent Supreme Court and Tenth Circuit Bankruptcy Appellate Panel jurisdictional jurisprudence, and generally addresses subject matter jurisdiction. What the objection does not do is address the fact that this is petitioner's second habeas petition and that is has been filed without authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Report and Recommendation [Doc. #10] is **ADOPTED**. The petition is **DISMISSED** for lack of jurisdiction. Further, because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of January, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE